UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

QUINTON MARQUISE COTTRELL,

   Plaintiff,

   v.

WALT J. PESTERFIELD,
*Director, BCDC,*

   Defendant.

Civil Action No.:  MJM-23-1687

**MEMORANDUM**

Plaintiff Quinton Marquise Cottrell filed this civil action alleging that his right to practice his religion was violated while incarcerated at the Baltimore County Detention Center ("BCDC"). ECF No. 1. Cottrell's Complaint was received for filing on June 21, 2023, and on December 18, 2023, Cottrell was directed to file an Amended Complaint. *Id.*, ECF No. 10. On January 29, 2024, the Court received Cottrell's Amended Complaint for filing at which time Cottrell also notified the Court that he had been transferred from BCDC to Roxbury Correctional Facility. ECF Nos. 12, 13. The Amended Complaint is now the operative pleading. ECF No. 13.

The defendant, Walt J. Pesterfield, Director of BCDC, filed a Motion to Dismiss.[1] ECF No. 16. Cottrell was notified of an opportunity to respond to Pesterfield's Motion and was granted an extension of time to respond, however, Cottrell has not filed a response. ECF Nos. 17, 20. No hearing is required to resolve the matters pending before the Court. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Pesterfield's motion is denied, and he is directed to answer the Amended Complaint.

---

[1] The Motion to Dismiss is also unnecessarily filed on behalf of the Baltimore County Detention Center, who is not named as a defendant in the Amended Complaint. ECF No.13

I. **BACKGROUND**

In his Amended Complaint, Cottrell alleges that he has not been allowed to properly worship in the Islamic Faith at BCDC. ECF No. 13 at 4-5. He states that he is "forced to engage" in religious tenets that are not his faith by attending religious services of individuals who practice Moorish American, Sunni, Shia, and Nation of Islam. *Id.* at 4. He is denied religious services, study classes, materials, and access to spiritual advisors in his faith. *Id.* Cottrell seeks injunctive relief to allow him to practice his religion and monetary damages. *Id*. at 5.

II. **STANDARD OF REVIEW**

Defendant Pesterfield asserts that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 16, 16-1. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal for "failure to state a claim upon which relief can be granted . . . ." To survive the challenge, the non-moving party must have pleaded facts demonstrating "a claim to relief that is plausible on its face." *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations in the complaint, accepted as true, must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations in the pleading as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda*

*Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).  Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard."  *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).  The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'"  *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe pro se pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint."  *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face."  *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and arguments made in the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)); Fed. R. Evid. 201(b).

## III. DISCUSSION

### A. Exhaustion

Pesterfield argues that the Amended Complaint should be dismissed because Cottrell failed to exhaust available administrative remedies prior to filing his Complaint. ECF No. 16-1 at 4-5. Pesterfield fails to meet his burden on this defense, and the motion will not be granted on this ground.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 527 (D. Md. 2003) (finding that "the exhaustion provision" of the PLRA "plainly extends" to suits regarding prison conditions). Exhaustion under § 1997e(a) is mandatory, and therefore a plaintiff must exhaust his available administrative remedies before a court can hear his claim. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA . . . . ."); *Ross v. Blake*, 578 U.S. 632, 638 (2016) (finding that "a court may not excuse a failure to exhaust"). Consequently, if Cottrell has not properly presented his claim through an available administrative remedy procedure, the claim must be dismissed pursuant to the PLRA. *See Ross*, 578 U.S. at 639.

4

Administrative exhaustion under § 1997e(a) is not, however, a jurisdictional requirement and does not impose a heightened pleading requirement on the detainee. *Jones*, 549 U.S. at 215–16. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See id.*; *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Court may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

To exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). A court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

Pesterfield relies on information provided by Cottrell in his initial complaint in which he checked a box stating he did not file a grievance as required by the prison's administrative remedy procedures and explains that BCDC "[d]oesn't provide grievance services" and would not provide him with a complaint form for this matter.  ECF No. 1 at 2[2]; ECF No. 16-1 at 4.  Pesterfield argues

---

[2] Pesterfield cites to the Complaint, ECF No. 1 at 7, instead of ECF No. 1 at 2, but this appears to be an inadvertent error, which the Court has corrected herein.

that the prison's grievance process requires that a formal complaint form be filed, and because there is a policy that inmates should not be refused access to the form, there is no dispute that Cottrell failed to exhaust available administrative remedies. *Id.* Pesterfield does not otherwise describe the grievance procedure in place at BCDC, nor does he provide a copy of the grievance procedure.

Pesterfield's argument fails. The Amended Complaint is the operative pleading, having replaced the initial Complaint, and the Amended Complaint does not include any allegations pertaining to whether Cottrell did or did not file a grievance. Hence, there is no evidence presented as to whether Cottrell exhausted his administrative remedies. Pesterfield has not met his burden of this affirmative defense, and the motion is denied as to exhaustion.

### B. Deliberate Indifference to Religious Beliefs

Pesterfield asserts that Cottrell's claims fall under the deliberate indifferent standard to an Eighth Amendment claim, and are properly analyzed by assessing whether Pesterfield knew Cottrell "faced a substantial risk of serious harm and failing to take measures to abate it." ECF No. 16-1 at 5. Pesterfield concludes that Cottrell has not provided enough facts to support this claim and the claim should be dismissed. *Id.* at 6.

The Court interprets Cottrell's claims, which pertain solely to his ability to practice his religion, as sounding only in the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.* Cottrell's claims cannot be properly analyzed under the Eighth Amendment, under the deliberate indifference

standard, or by assessing the defendant's knowledge of risk of harm.[3] The motion is denied as to this defense.

### C. First Amendment and RLUIPA

Pesterfield asserts that BCDC's religious policies do not violate either the First Amendment or RLUIPA. ECF No. 16-1 at 6. The Court notes that insofar as RLUIPA only provides equitable relief, the RLUIPA claim does not survive because Cottrell has been transferred out of BCDC and equitable relief is no longer available to him. *See Firewalker v. Lee*, 58 F.4th 104, 113-114 (4th Cir. 2023). Cottrell's remaining claims sound in the First Amendment.

Pesterfield advances an argument that is again based on the facts alleged in the initial complaint, which is not the operative pleading. ECF No. 16-1 at 8. Pesterfield further references a BCDC policy pertaining to inmates' participation in religious services, without providing any copy of the policy. *Id.* Finally, relying on the initial complaint, Pesterfield then reverts to the argument that there is no proof that "County officials disregarded a substantial risk of harm" to Cottrell, which as noted above is not the proper analysis, as Cottrell does not advance an Eighth Amendment claim. *Id.* As Pesterfield has not asserted any viable argument, the motion is denied as to this defense.

---

[3] Pesterfield further misconstrues the law and the case cited for his assertion by stating that the applicable constitutional provision is the Eighth Amendment because Cottrell is a pretrial detainee. *See* ECF No. 16-1 at 5 n. 2 (citing *Moss v. Harwood,* 19 F. 4th Cir. 614, 620 (4th Cir. 2021)).

## IV.  CONCLUSION

For the foregoing reasons, Pesterfield's Motion to Dismiss is denied.[4]  Pesterfield will be directed to answer the Amended Complaint.  A separate Order follows.

| | |
|---|---|
| __3/4/25__ | __/S/__ |
| Date | Matthew J. Maddox |
| | United States District Judge |

---

[4]  The Court declines to address Pesterfield's qualified immunity defense at the motion to dismiss stage, finding it to be premature, particularly in light of Pesterfield's failure to address the allegations or the relevant law.  ECF No. 16-1 at 8–10.