UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **QUINTON MARQUISE COTTRELL,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.: MJM-23-1687** |
| **WALT J. PESTERFIELD,** *Director, BCDC,* | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff Quinton Marquise Cottrell filed this civil action alleging that his right to practice religion was violated while he was incarcerated at the Baltimore County Detention Center ("BCDC"). ECF No. 1. Cottrell is presently housed at the Baltimore City Correctional Center.[1] The Amended Complaint is the operative pleading. ECF No. 13.

The remaining defendant, Walt J. Pesterfield, Director of BCDC, filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment, ECF No. 25, and Cottrell filed a response in opposition, ECF No. 27. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Pesterfield's motion, treated as a motion for judgment on the pleadings, is granted.

---

[1] *See* MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, INCARCERATED INDIVIDUAL LOCATOR, https://perma.cc/CX98-CHYV (last visited March 9, 2026). The Clerk will be directed to update the docket with the current address.

## I.    BACKGROUND

### A.  Procedural History

Pesterfield previously filed a Motion to Dismiss that was denied by the Court.  ECF Nos. 21 & 22.  In its Memorandum Opinion, the Court interpreted Cottrell's claims, which pertain solely to his ability to practice his religion, as sounding in the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*  ECF No. 21.  The Court then held that because RLUIPA provides only equitable relief, and Cottrell had been transferred out of BCDC, the RLUIPA claim could not be sustained because equitable relief is no longer available.  *Id.* at 7; *see also Firewalker v. Lee*, 58 F.4th 104, 113–14 (4th Cir. 2023). Cottrell's remaining claims sound in the First Amendment.  ECF No. 21 at 7.  The Court further held that Pesterfield's motion failed to address allegations in the Amended Complaint, which is the operative pleading, as opposed to the initial Complaint.  *Id.*

Pesterfield filed an Answer to the Amended Complaint, as directed, ECF No. 24, and then filed the pending dispositive motion, ECF No. 25.

### B.  Cottrell's Allegations

In the Amended Complaint, Cottrell alleges that he was not allowed to properly worship in the Islamic faith at BCDC.  ECF No. 13 at 4–5.  He states that he was "forced to engage" in religious tenets that are not of his faith by attending religious services of individuals who practice Moorish American, Sunni, Shiite, and Nation of Islam.  *Id.* at 4.  He is denied religious services, study classes, materials, and access to spiritual advisors in his faith.  *Id.*

In his response to Pesterfield's motion, Cottrell states that there was no "Jumah" worship service for the Nation of Islam, but rather a "mixture" of Nation of Islam, Sunni, and Moorish Science in a small room with no chairs, and he was told to sit on the floor.  ECF No. 27 at 1.

2

Cottrell does not reference any dates that these events took place or name any individuals who caused these circumstances.

### C. Siakor-Sirelaf Affidavit and Exhibits

Pesterfield has submitted the Affidavit of Hilary Siakor-Sirleaf, the Deputy Director for Administration, Program & Services for the Baltimore County Department of Corrections.  ECF No. 25-3. Siakor-Sirleaf states that she is responsible for overseeing religious services policy, all religious ceremonies are supplied on a volunteer basis, and there are no Department of Corrections employees directly involved in services beyond scheduling services and addressing safety and security concerns.  *Id.* at 1.  She further states that use of volunteers "is meant in furtherance of resource concerns."  *Id.* at 2.  Siakor-Sirleaf certifies that a submitted exhibit, the Department of Corrections Religious Service Policy, is accurate. *Id.* at 1; ECF No. 25-2.   Pesterfield has also submitted a document that is titled, "Jumau'h Islamic Service 12:15PM – 1:30PM Bosley Gym" dated August 18, 2023, listing Mohamed Mughal as Imam Volunteer.  ECF No. 25-4. The document also lists inmate names and numbers, including Cottrell's.  *Id.* at 1.

## II.   STANDARD OF REVIEW

Defendant Pesterfield moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or alternatively for summary judgment.  ECF Nos. 25, 25-1.  Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard of review for a motion under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 175–76 (4th Cir. 2016).  A motion made under either rule tests the sufficiency of the opposing party's pleading.  A plaintiff must plead enough factual allegations "to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss a complaint for insufficient pleading, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King*, 825 F.3d at 214).

A court's review of a Rule 12(c) motion typically is limited to the pleadings, documents attached to the pleadings, and arguments made in the parties' briefs. *See* Fed. R. Civ. P. 12(c), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider judicially noticed facts and documents integral to, and relied upon, in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *Am.*

*Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)); Fed. R. Evid. 201(b).

As discussed below, the Court determines that it will rule on Pesterfield's motion as one for judgment on the pleadings.

## III.    DISCUSSION

Pesterfield asserts that the Amended Complaint should be dismissed because Cottrell fails to state a claim against him, that BCDC's policies do not violate the First Amendment, and that he is entitled to qualified immunity.  ECF No. 25-1.

The Court addresses Pesterfield's assertion that Cottrell failed to state a plausible claim for relief because Cottrell does not allege that Pesterfield was either personally involved, or liable as a supervisory official, for a violation of his religious rights.  *Id.* at 3–5.  Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives him "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015).  Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017).

In a suit arising under § 1983, liability attaches only upon a defendant's personal participation in the constitutional violation; the doctrine of respondeat superior generally does not apply.  *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  Liability of supervisory officials under § 1983 "is premised on 'a

recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

To state a claim under § 1983 based on supervisory liability for a subordinate's conduct, a plaintiff must allege that (1) the supervisor had actual or constructive knowledge that the subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Cottrell alleges generally that his religious rights are being violated.  ECF No. 13. Cottrell's only specific allegation implicating Pesterfield is that Pesterfield was "receiving funding for this matter never even posted the job position for a[n] Islamic Coordinator or even provided prescreen internet service or information." *Id.* at 4–5.  In response to Pesterfield's motion, Cottrell did not provide any additional information regarding Pesterfield's involvement in the alleged violation of his rights.  ECF No. 27.

Taking Cottrell's allegations in the Amended Complaint as true, and drawing all reasonable inferences in his favor, the Court finds that he has failed to allege Pesterfield's personal participation in any constitutional violation.  Cottrell's statement that Pesterfield did not post a job position or prescreen internet service does not cure the pleading failures.  Cottrell does not provide context to this statement, such as whether or how the job posting was Pesterfield's—or anyone

else's—responsibility, whether Pesterfield was aware of Cottrell's allegations that his religious rights were being violated, or whether Pesterfield was in any way involved in the provision of religious services.

Cottrell has also failed to identify or allege that any of Pesterfield's subordinates acted in a manner to violate his rights and that Pesterfield was aware of any such unconstitutional acts by subordinates. In fact, Cottrell has not provided any specific allegations about any subordinate officers at all. Further, Cottrell does not allege any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse").

Cottrell was given an opportunity to file an Amended Complaint and instructed that he needed to state the action each defendant did or did not take to violate his rights. ECF No. 10 at 3. He was also provided with an opportunity to respond to Pesterfield's motion. Still, Cottrell has not provided sufficient information in his pleading to state a plausible claim for relief. Therefore, the case must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Pesterfield's motion, treated as a motion for judgment on the pleadings, is granted.[2] A separate Order follows.

March 9, 2026                                    _____/S/_____
Date                                             Matthew J. Maddox
                                                 United States District Judge

---

[2] As Pesterfield's motion will be granted, the Court declines to address Pesterfield's additional arguments.